UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HORTON, INC. | Case No. 08-CV-6291 (PJS/RLE) |
| Plaintiff, | |
| v. | |
| KIT MASTERS, INC., and<br>CONCEPTS ETI, Inc., | |
| Defendants. | |

| | |
|---|---|
| HORTON, INC. | Case No. 09-CV-0912 (PJS/RLE) |
| Plaintiff, | |
| v. | |
| KIT MASTERS, INC. | |
| Defendant. | |

ORDER

David R. Fairbairn, Alan M. Koenck, and Austen P. Zuege, KINNEY & LANGE, P.A., for plaintiff Horton, Inc.

Michael E. Florey and Geoff D. Biegler, FISH AND RICHARDSON P.C., for defendants Kit Masters, Inc., and Concepts ETI, Inc.

After consolidating separate suits brought by plaintiff Horton, Inc., against defendants Kit Masters, Inc. and Concepts ETI, Inc. into case number 08-CV-6291 (PJS/RLE), the Court stayed the consolidated case pending reexamination by the United States Patent and Trademark Office ("PTO") of two of the three patents-in-suit. Case No. 08-CV-6291 (PJS/RLE), Order Apr. 1, 2009 [Docket No. 25]. Soon after the Court entered its stay order, Horton filed a separate

-1-

suit against Kit Masters, case number 09-CV-0912 (PJS/RLE), accusing Kit Masters of infringing U.S. Patent No. 5,636,719 (the '719 patent).

In the stayed case (number 08-CV-6291), in Count IV of the complaint, Horton asserted the '719 patent against Concepts ETI only. Thus, the '719 patent is being asserted in one non-stayed case (number 09-CV-0912) against Kit Masters, and in one stayed case (number 08-CV-6291) against Concepts ETI. The '719 patent is the only one of the three patents being asserted in the stayed case that is *not* in reexamination.

Horton now moves in case 08-CV-6291 to dismiss without prejudice Count IV, the count that charges Concepts ETI with infringing the '719 patent. Horton apparently plans to add a claim against Concepts ETI for infringing the '719 patent to case number 09-CV-0912.

Meanwhile, both in case 08-CV-6291 and in case 09-CV-0912, Kit Masters moves for a stay pending the PTO's decision whether to grant Kit Masters' request that it reexamine the '719 patent. Kit Masters opposes Horton's motion to dismiss Count IV in case 08-CV-6291, although Kit Masters apparently agrees that if the PTO *denies* its request to reexamine the '719 patent, Horton should then be allowed to dismiss Count IV in case 08-CV-6291 and to add a claim to case 09-CV-0912 accusing Concepts ETI of infringing the '719 patent. Case No. 08-CV-6291 (PJS/RLE), Def. Mem. Opp. Pl. Mot. Dism. Count IV at 2 [Docket No. 33] ("[I]f the Patent Office denies Defendants' reexamination request, Defendants will consent to Horton dismissing the count relating to the '719 patent without prejudice and to Horton amending its Complaint in the new case to add Concepts as a defendant.").

The Court denies Kit Masters' motion for a stay with respect to the '719 patent. The fact that Kit Masters has asked the PTO to reexamine the '719 patent proves nothing about the

patent's quality and is therefore not a sufficient reason to grant a stay. Anyone can ask that a patent be reexamined; the mere fact that a litigant has asked the PTO to reexamine a patent does not mean that the patent is likely to be found invalid. By contrast, when the PTO *grants* a reexamination request, this means that the PTO has determined that the request raises "a substantial new question of patentability" with respect to the challenged patent claims. 35 U.S.C. § 303(a); MPEP § 2209 (8th ed. rev. 7, July 2008) ("If such a new question [i.e., a substantial new question of patentability] has been presented, reexamination will be ordered."). If the PTO grants Kit Masters' reexamination request with respect to the '719 patent, Kit Masters may then move in case 09-CV-0912 for a stay pending reexamination and for consolidation of case 09-CV-0912 with case 08-CV-6291.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of plaintiff Horton, Inc. in case number 08-CV-6291 (PJS/RLE) to dismiss Count IV without prejudice is [Docket No. 27] is GRANTED.
    a. Count IV is DISMISSED WITHOUT PREJUDICE.
    b. Concepts ETI's corresponding declaratory-judgment claim with respect to the '719 patent is DISMISSED WITHOUT PREJUDICE.
2. The motion of defendant Kit Masters, Inc. in case number 08-CV-6291 (PJS/RLE) to stay and later consolidate related cases [Docket No. 31] is DENIED WITHOUT PREJUDICE.

3. The motion of defendant Kit Masters, Inc. in case number 09-CV-0912 (PJS/RLE) to stay and later consolidate related cases [Docket No. 9] is DENIED WITHOUT PREJUDICE.

Dated:  June 5, 2009                               s/Patrick J. Schiltz
                                                                 Patrick J. Schiltz
                                                              United States District Judge