UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HORTON, INC. | Case No. 08-CV-6291 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| KIT MASTERS, INC., and CONCEPTS ETI, Inc., | |
| Defendants. | |

Austen Zuege, David R. Fairbairn, and Alan M. Koenck, KINNEY & LANGE, P.A., for plaintiff.

Elizabeth Cowan Wright, Kenneth A. Liebman, and Chad Drown, FAEGRE & BENSON LLP, for defendant Kit Masters, Inc.

This case has been stayed pending reexamination of the two patents-in-suit. Plaintiff Horton, Inc. now moves to partially lift the stay because the PTO has completed not one, but *two* reexamination proceedings with respect to one of the patents-in-suit. The Court grants Horton's motion.

Horton brought this action in December 2008 accusing defendants Kit Masters, Inc. and Concepts ETI, Inc. of infringing two patents: U.S. Patent No. 5,611,415 (the '415 patent) and U.S. Patent No. 6,838,796 (the '796 patent). The Court stayed the case in April 2009 in light of then-pending ex parte reexamination proceedings with respect to both patents.

The reexamination proceedings that were the basis for the April 2009 stay concluded in July 2009 with respect to the '415 patent and in December 2009 with respect to the '796 patent. But both patents were subject to a *second* round of reexamination proceedings at Kit Masters' request. Specifically, with respect to the '415 patent, Kit Masters filed a second request for ex

parte reexamination in May 2009. With respect to the '796 patent, Kit Masters filed a request for inter partes reexamination in October 2009, shortly after the PTO declared its intention to issue a reexamination certificate in response to the earlier-filed request for ex parte reexamination of that patent.

The inter partes reexamination of the '796 patent has been pending since January 2010. But the second ex parte reexamination of the '415 patent has concluded. Thus, of the four reexamination requests that have been filed in this case, three of the four have been resolved. Meanwhile, in the two years since Horton brought suit, nothing of significance has happened in this litigation.

This is not to say, however, that this case is— as Kit Masters would have it — in an "early stage." *See* Kit Masters Mem. Opp. Pl. Mot. Partially Lift Stay at 11 [Docket No. 80]. This case is two years old, and it has been delayed long enough. The '415 patent has now emerged from two reexamination proceedings, and Horton has a right to enforce it. Although some slight efficiencies might result from leaving the stay in place until the '796 patent's reexamination is concluded and then moving forward with both patents at once, those efficiencies are offset by the unfairness of continuing to prevent Horton from enforcing the '415 patent.

Finally, the Court notes that even though the stay remains in place with respect to the '796 patent, nothing prevents the parties from settling claims related to that patent. Further, if the parties wish to have a settlement conference about the '796 patent as well as the '415 patent, the Court invites the parties to do so. The Court is always open to holding a settlement conference, even when a case is stayed.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of plaintiff Horton, Inc. to partially lift the stay [Docket No. 72] is GRANTED.

2. The stay is LIFTED with respect to U.S. Patent No. 5,611,415.

3. The stay remains in place with respect to U.S. Patent No. 6,838,796.


Dated: December 20, 2010                     s/Patrick J. Schiltz
                                                                               Patrick J. Schiltz
                                                                               United States District Judge